D. R. ADAMS & SON, plaintiffs in error, *vs.* Z. B. REID *et al.*, executors, defendants in error.

Where an executor takes the note of one member of a firm.which was indebted to his testator on a deposit account, with a note on a third person as collateral security, in payment of such indebtedness, if, at the time, for the benefit of the estate and done in good faith, the original indebtedness is discharged.

Administrators and executors.   Payment.   Partnership. Before Judge BARTLETT.   Putnam Superior Court.   September Term, 1875.

Reported in the decision.

W. F. JENKINS, for plaintiffs in error.

THOMAS G. LAWSON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs as the executors of Alexander Reid, deceased, against the defendants, as partners, to recover the balance of a sum of money alleged to be due by defendants, as bankers, on deposits made with them by their testator in his lifetime. To this action the defendants pleaded that the debt had been paid and satisfied, by one of

the partners, D. R. Adams, giving his note therefor to Z. B. Reid, one of the executors, after the testator's death, and that there had been a novation of the original contract. On the trial of the case the jury, under the charge of the court, found a verdict for the plaintiffs for the sum of $575 82 with interest. The defendants made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendants excepted.

It appears from the evidence in the record, that on the 13th of November, 1872, D. R. Adams made and delivered his due-bill to Z. B. Reid, executor, for the sum of $575 82, and also delivered to him a note on Carswell, payable to him, Adams, as collateral security, who, at the time of the trial, was shown to be insolvent, but was solvent at the time the note was taken by the executor. The evidence in the record, as to whether the due-bill was taken in full payment of the debt, was conflicting. The defendants requested the court to charge the jury, in substance, that if the due-bill was made and delivered by D. R. Adams to Z. B. Reid, executor, as payment and settlement of the debt sued for, under an agreement to that effect, that then they should find for the defendants, and also requested the court to charge that if the due-bill was given for the balance of the debt sued for, originally due by D. R. Adams & Son, under an agreement with the executor to receive the same in lieu of the debt sued for, leaving out the other partner, then it was a novation of the original contract, and they should find for the defendants, which requests were refused, but to the contrary thereof, the court charged the jury " that if they believed, from the evidence, that the claim sued on was a debt due by D. R. Adams & Son to Alexander Reid, at the time of his death, then the court charges you that the executors of Alexander Reid could not legally accept the note of D. R. Adams in payment of said claim, without first obtaining an order from the ordinary having jurisdiction of said estate, authorizing them to do so." This charge of the court, in view of the evidence contained in the record, was error. The evidence does not show that there was

any attempt to compromise the debt due by the defendants to the plaintiffs' testator, as contemplated by the 2537, 2538 and 2539 sections of the Code. The alleged agreement recognized the full amount of the debt claimed to be due; there was no proposition made or accepted, to reduce it in any way for the purpose of effecting a settlement thereof. The question in the case was whether the executor, with a full knowledge of the fact that the defendants were partners, agreed to take D. R. Adams' note, with Carswell's note as collateral security, in payment of the debt, and whether that arrangement at the time it was made, was for the benefit of the estate? If the taking of D. R. Adams' note, with Carswell's note as collatteral security, by the executor in payment of the debt, was in good faith, and was for the benefit of the estate at that time, then the executor would be protected, and the payment be good, otherwise, it would not be: Toller's Law of Executors, 374. The charge of the court excluded from the consideration of the jury this view of the case, and for that reason, we reverse the judgment overruling the motion for a new trial.

Judgment reversed.